IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL CASE |
| v. | ) | |
| | ) | Number 1:11-cr-42-TCB |
| ERIC W. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This action is before the Court on the Magistrate Judge Walker's Report and Recommendation [26], which recommends that the Court deny Jones's Motion to Suppress Statements [8].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

No objections have been filed to the Report and Recommendation; accordingly, it is reviewed for plain error only. Finding no error, the Court ADOPTS AS ITS ORDER the magistrate judge's Report and Recommendation [26] and DENIES Jones's Motion to Suppress Statements [8].

A jury trial is hereby set for October 24, 2011. Trial will begin at 9:30 a.m. in courtroom 2106. A pretrial conference will be held October 19, 2011 at 10:00 a.m. in courtroom 2106. Motions in limine shall be filed on or

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

before October 6, 2011; responses to motions in limine and proposed voir dire questions shall be filed on or before October 13, 2011.   Only one consolidated motion in limine shall be filed by each party and the motion shall not exceed 25 pages.  The response brief to the motion in limine shall not exceed 25 pages.

It is so ORDERED this 12th day of September, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge